[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff of 64 Hawkins Street, Derby, Connecticut applied to the Zoning Board of Appeals of the city of Derby for a CT Page 5560 variance of 3,727 square feet for a fourth apartment.
The Board denied the application and notice of such decision was duly published in the New Haven Register on July 6, 1994.
The plaintiff is aggrieved by the decision of the zoning board.
Presently, the property contains three apartments and a restaurant located on the first floor of the building. This property is allowable under a non-conforming use which existed prior to the zoning regulations of the city of Derby.
The plaintiff is seeking to have the restaurant facility converted to an apartment use. A restaurant is allowable under the non-conforming use and is deemed to be a commercial property. The plaintiff seeks conversion of the restaurant to the apartment because of hardship and arbitrary denial.
Though cases cite that the court must be very diligent in overturning decisions of non-conforming uses, the court deems this a classic case of an arbitrary ruling. The change from restaurant to residence would be in greater conformity of the entire neighborhood which has many multi-family dwellings in the surrounding area. Further, pedestrian traffic would be reduced by a great number with the conversion. In addition, vehicle traffic and parking would be greatly reduced by said conversion.
In reading the transcript the board failed to enunciate any reason for its denial. The hearing appears to be quite confusing as to the denial. All permits were properly obtained and it appears that the conversion from commercial to residence would be much more appropriate than the existing situation. The non-conforming use is not violated by the size of the structure or the number of units in the structure. The plaintiff has demonstrated hardship because of a condition that arises beyond his control. The hardship was a result of a situation created by the zoning board and would appear to be without sufficient adherence of the strict interpretation of the zoning board regulations. A strict interpretation would allow a residence in lieu of a bar and restaurant.
A building permit was granted to renovate the restaurant to an apartment and the renovations were completed and a certificate of occupancy was issued for the first floor apartment but not the CT Page 5561 other three apartments. However, the other three apartments were covered by a non-confirming use as these apartments were in existence prior to the effective date of the Derby zoning ordinance. At the very least, the zoning board regulations were eased by changing a non-conforming use to a conforming use.
Therefore, the court sustains the appeal of the plaintiff and allows him the conversion of the restaurant to an apartment unit. And as the other three apartments are covered by the non-conforming use, the court will not interfere with the apartments as they are covered by the fact that they were in existence prior to the creation of the zoning laws.
THE COURT,
MANCINI, J. STATE TRIAL REFEREE